## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD ROACH, et al.,                    :
                                         :
            Plaintiffs                   :
                                         :
    v.                                   :        3:08-CV-1136
                                         :        (JUDGE MARIANI)
KENNETH MARROW, et al.,                  :
                                         :
            Defendants                   :

**FILED**
**SCRANTON**

MAY 1 8 2012

PER _____
        DEPUTY CLERK

### MEMORANDUM OPINION

Before the Court is Defendants' Motion for Reconsideration. (Doc. 121). Within the motion, Defendants request that in the event the Court denies their motion, it certify the issues for interlocutory appeal. For the reasons below, the Court will deny both the motion and request for interlocutory appeal.

### Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

## Discussion

First, Defendants take issue with the Court's denial of their Motion for Summary Judgment on Plaintiff's First Amendment retaliation and § 1983 conspiracy claims. They argue that the Court misapplied the standard of determining whether probable cause exists to pursue criminal charges.

Defendants cite to *Orsatti v. Brody*, 71 F.3d 480, 484 (3d Cir. 1995), in which the Third Circuit held that whether police officers conducted an investigation negligently is not a material fact. The Court does not disagree with *Orsatti*, but Defendants' reliance on it is unavailing here. The Court's primary basis for its decision was not that Defendant Nichols was negligent in his investigation, but rather, its determination that Defendant Nichols interviewed only unreliable/interested witnesses before issuing a citation when there were several other disinterested third party witnesses who could have corroborated or contradicted the accounts he heard from Plaintiff, Adams, Rogers, and Adams's son. (Doc. 116, at 17).

Defendants also cite to *Brinegar v. United States* for the proposition that "[p]robable cause exists where the facts and circumstances within the officers' knowledge and of which they had *reasonably trustworthy information* are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." 338 U.S. 160, 175-76, 69 S. Ct. 1302, 93 L.Ed 1879 (1949) (emphasis added). This Court agrees with the standard articulated in *Brinegar* and accordingly found that based on what

2

information was available to Defendant Nichols, there was a genuine issue of material fact as to whether the three complaining witnesses were credible under *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789, n.8 (3d Cir. 2000), a case which Defendants also cite.

Defendants go on to say that "this Court should have focused on the information the officers had available to them." (Doc. 122, at 7). This is precisely what the Court did when it considered conflicting deposition testimony as to what Defendant Nichols knew about the litigation history between Plaintiff, Adams, and Ulster Township before issuing the first citation. (Doc. 116, at 14). Based on the foregoing, Plaintiff adequately demonstrated there was a genuine issue of material fact whether Defendants had probable cause to pursue criminal charges against him.

Second, Defendants unduly focus on the use of the word "may" in the Court's denial of their motion to dismiss the availability of punitive damages against them (Doc. 116, at 21), asserting that the Court used the incorrect summary judgment standard. Because the Court had already gone into great detail on Plaintiff's substantive claims, it chose not to re-visit its reasoning on the punitive damages claim. Plaintiff's retaliation and conspiracy claims survived summary judgment. In light of the contentious history between Plaintiff and the Ulster Township police department (which the Court will not recite again) and deposition testimony, there are genuine issues of material fact as to the motivations behind Defendant Marrow's and Nichols's actions in pursuing criminal charges against Plaintiff. As such, a jury *may* find Defendants acted wantonly or maliciously.

3

Third, Defendants argue that Donald Tuttle's statements are inadmissible and are not statements against interest under FED. R. EVID. 804(b)(3)(A) because he did not make those statements while this suit was pending.  Defendants cite to no authority for that proposition, nor is a pending suit a requirement for the admissibility of a statement against interest under the plain text of the rule.  Because Tuttle will not be available for trial to explain his alleged statements, it will be for the jury to determine how much evidentiary weight, if any, to assign to them.

Finally, Defendants ask this Court to certify the issues for interlocutory appeal to the Third Circuit.  The Court will deny this request.

Robert D. Mariani
United States District Judge

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD ROACH, et al.,                    :
                                          :
                    Plaintiffs            :
        v.                                :        3:08-CV-1136
                                          :        (JUDGE MARIANI)
KENNETH MARROW, et al.,                   :
                                          :
                    Defendants            :

## ORDER

**AND NOW**, to wit, this **18TH DAY OF MAY, 2012,** upon consideration of

Defendants' Motion for Reconsideration (Doc. 121) and all accompanying briefs, **IT IS**

**HEREBY ORDERED THAT:**

1. Defendants' Motion for Reconsideration is **DENIED.**

2. Defendants' Request for Interlocutory Appeal is **DENIED.**

Robert D. Mariani
United States District Judge